# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Alliance Funding, | Case No. 2:24-cv-00584-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Platinum Group Companies LLC, et al., | |
| Defendants. | |

Defendants Platinum Group Companies, LLC, Samuel Culotta, and Donna Delaney filed a motion demanding that plaintiff post security for costs under Nev. Rev. Stat. § 18.130(1). ECF No. 8. Plaintiff opposed and defendants replied. ECF Nos. 9 and 10.

**I.  Background**

This case involves an alleged breach of a contract. ECF No. 1-1. The case commenced February 20, 2024, when plaintiff filed its complaint in the Eighth Judicial District Court. ECF No. 1-1. Plaintiff agreed to extend the deadline for defendants to file a responsive pleading to the complaint until March 26, 2024. ECF No. 9 at 3. On March 26, 2024, defendants filed a motion for plaintiff to post security for costs under Nev. Rev. Stat. § 18.130(1). ECF No. 6 at 5 (Exhibit A). That same day, defendants removed the action to federal court on the basis of diversity jurisdiction. ECF No. 1. On April 11, 2024, defendants filed the instant motion demanding security of costs. ECF No. 8.

**II.  Arguments**

Defendants assert plaintiff is an entity formed outside the state of Nevada. In turn, they demand that plaintiff pay $1500 ($500 for each defendant) for costs and charges, which may be awarded against the plaintiff pursuant to Nev. Rev. Stat. § 18.130(1).

Plaintiff opposes and argues Nev. Rev. Stat. § 18.130(1) requires defendants to file the motion within the time limited for answering the complaint. According to defendants, defendants'

responsive pleading was due April 2, 2024. Yet, neither a responsive pleading nor a motion for the security of costs was filed by that day. As a result, plaintiff argues that defendants' instant motion—filed on April 11, 2024—was untimely under Nev. Rev. Stat. § 18.130(1) as it was filed after April 2, 2024 (the day the responsive pleading was due).

Defendants replied that they filed this same motion in the Eighth Judicial District Court on March 26, 2024—the day that their responsive pleading would have been due and the same day that they removed this action to federal court. As a result, they take the position that the request is timely (even if the request was not filed in this Court by April 2, 2024).

### III.   Analysis

Nev. Rev. Stat. § 18.130(1) states that,
> [w]hen a plaintiff in an action resides out of the State . . . security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint.

NRS 18.130(1). Once the demand is filed and served, "all proceedings in the action shall be stayed" until the cost bond is deposited. *Id*.

The Ninth Circuit has stated the following with respect to a demand for security for costs in federal court,
> there is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs. Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved.

*Simulnet E. Assoc. v. Ramada Hotel Operating Co*., 37 F.3d 573, 574 (citation and internal quotations omitted). While the Nevada District Court has not adopted a specific court rule with respect to security for costs, it has adopted Nev. Rev. Stat. § 18.030 as the appropriate procedure through case law in diversity jurisdiction cases. *Hamar v. Hyatt Corp*., 98 F.R.D. 305 (D. Nev. 1983) ("It has been the policy of the United States District Court for the District of Nevada to enforce the requirements of N.R.S. 18.130 in diversity actions.").

The question before this Court is whether defendants complied with the time limits imposed by Nev. Rev. Stat. § 18. 030(1) by timely filing their motion in the Eighth Judicial District Court but failing to do so in this Court after the case was removed.

Neither party has provided much authority or argument for their respective positions. Plaintiff cites to several cases in which this district denied motions for the security of costs that were not filed within the time the responsive pleading was due. But none of those cases address the fact pattern in this case, where defendants timely filed the motion in the Eighth Judicial District Court and re-filed the motion in this Court seven days after the responsive pleading was due.

Had defendants not timely filed the motion for security costs in the Eighth Judicial District Court, plaintiff's argument would certainly garner more traction. Likewise, had defendants waited a long period of time to re-file the motion in this Court plaintiff would have a stronger case. But defendants filed the motion in federal court on April 11, 2024—only 7 days after the deadline for defendants to file their responsive pleading and after having timely filed the same motion in state court. *Miyayama v. Burke*, No. 220CV01683GMNDJA, 2021 WL 5370244 (D. Nev. Nov. 16, 2021) (finding short delay did not preclude the granting of the request for a motion for security of costs under Nev. Rev. Stat. § 18. 030). Of note, the seven-day delay did not create unfair surprise for plaintiff. *Id*. Under these specific circumstances, this Court believes defendants' motion is timely.

**IV.    Conclusion**

**IT IS THEREFORE ORDERED** that defendants' motion for security of Costs (ECF No. 3) is **GRANTED**.

If the plaintiff presents the cost bond for deposit, the Clerk of Court is directed to accept the deposit of $1500.00 under NRS § 18.130 as security for costs and charges that may be awarded against this plaintiff. Plaintiff must show a copy of this order to the Clerk's office when making this deposit.

//

//

//

//

1  **IT IS FURTHER ORDERED** that this case is stayed under NRS § 18.130(1) until the
2  $1500 is deposited.

4  DATED: April 30, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE